BRIAN M. KRAMER (CA SBN 212107)
BMKramer@mofo.com
JOHN R. LANHAM (CA SBN 289382)
JLanham@mofo.com
DEAN S. ATYIA (CA SBN  298615)
DAtyia@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California  92130-2040
Telephone: 858.720.5100
Facsimile:  858.720.5125

Attorneys for Plaintiff
DNA GENOTEK INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA GENOTEK INC., a Delaware Corporation,<br><br>                              Plaintiff,<br><br>        v.<br><br>SPECTRUM SOLUTIONS L.L.C., a Utah Limited Liability Company, and SPECTRUM DNA, a Utah Limited Liability Company,<br><br>                              Defendants. | **Case No. 16-cv-01544-JLS-NLS**<br><br>**DNA GENOTEK INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br><br>**Judge: Hon. Janis L. Sammartino Ctrm: 4A** |

Plaintiff DNA Genotek Inc. ("DNAG") respectfully requests to file the following documents under seal pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 79.2:

1.      Portions of its Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction;

2.      Portions of the Declaration of Brian Smith;

3.      Exhibits 1, 3, and 4 to the Declaration of Brian Smith;

4.      Portions of the Declaration of DeForest McDuff.

1
2

## I.   STANDARD FOR SEALING DOCUMENTS SUBMITTED IN CONNECTION WITH DISPOSITIVE MOTIONS

A motion to file documents under seal that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rules of Civil Procedure 26(c).  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).  Rule 26 permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that . . . confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. Proc. 26(c).  In the Ninth Circuit, there is a strong presumption of access to court records.  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  For documents relating to non-dispositive motions that are tangentially related to the case, "the usual presumption of the public's right to access is rebutted" and a showing of good cause will suffice to warrant sealing.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted).  When a motion is "more than tangentially related to the underlying cause of action," sealing records is appropriate where the movant shows "compelling reasons" for sealing.  *Ctr. for Auto Safety*, 809 F.3d at 1099.

Here, DNAG requests that the Court allow limited portions of its Motion for Preliminary injunction, and supporting papers, to be filed under seal.  Compelling reasons exist for sealing these materials, as public filing of these materials would reveal DNAG's confidential pricing information, competitively-sensitive information relating to customer identities, and sensitive business information relating to its internal operations.  As the vast majority of DNAG's Motion would be filed publicly, the public interest will not be harmed by allowing a filing under seal.

## II.   THE DOCUMENTS TO BE FILED UNDER SEAL

DNAG requests that the Court grant its motion to file the aforementioned

1   documents under seal.

2       DNAG's Memorandum of Points and Authorities in Support of Motion for

3   Preliminary Injunction contains confidential commercial information and

4   confidential commercial communications.  Specifically, the document contains

5   pricing information; confidential communications between DNAG and DNAG's

6   customers; communications between Defendants Spectrum Solutions L.L.C. and

7   Spectrum DNA (collectively "Spectrum") and DNAG's current or former

8   customers that were provided to DNAG; and confidential internal business

9   information.  If this information were made public, it would harm the business

10   interests of DNAG, including by revealing: the identities of its customers; the

11   identities of current or former customers that have been solicited by Spectrum and

12   reported such solicitation to DNAG; confidential pricing and sales information; and

13   confidential product development information.  DNAG has redacted the

14   Memorandum of Points and Authorities in Support of Motion for Preliminary

15   Injunction only to the extent necessary to protect sensitive and confidential,

16   commercial information.

17       The Declaration of Brian Smith contains confidential commercial

18   information and confidential commercial communications.  Specifically, the

19   document contains pricing information; confidential communications between

20   DNAG and DNAG's customers; communications between Spectrum and DNAG's

21   current or former customers that were provided to DNAG; and DNAG's

22   confidential research and development efforts.  If this information were made

23   public, it would harm the business interests of DNAG, including by revealing: the

24   identities of its customers; the identities of current or former customers that have

25   been solicited by Spectrum and reported such solicitation to DNAG; confidential

26   pricing and sales information; and confidential internal business information.

27   DNAG has redacted the Declaration of Brian Smith only to the extent necessary to

28   protect sensitive and confidential, commercial information.

sd-683008

Exhibits 1, 3, and 4 to the Declaration of Brian Smith contain confidential commercial communications.  Exhibit 1 is a communication between a DNAG distributor and a potential customer that contains customer identities and DNAG's pricing information.  Exhibit 3 is a communication from Spectrum to a potential customer of both Spectrum's and DNAG's that was provided to DNAG by the potential customer, the public filing of which would reveal the customer's identity. Exhibit 4 is a price quote from a potential customer of both Spectrum's and DNAG's that was provided to DNAG by the potential customer, the public filing of which would reveal the customer's identity.  DNAG seeks to seal these documents in their entirety to its pricing information and the confidential identities of its current and potential customers.  If this information were made public, it would harm the business interests of DNAG.

The Declaration of DeForest McDuff contains confidential commercial communications and confidential pricing information.  Specifically, the document contains pricing information; references to confidential communications between DNAG and DNAG's customers; references to communications between Spectrum and DNAG's current or former customers that were provided to DNAG, the public filing of which would reveal the customer's identity; and DNAG's confidential internal business information.  If this information were made public, it would harm the business interests of DNAG, including by revealing: the identities of its customers; the identities of current or former customers that have been solicited by Spectrum and reported such solicitation to DNAG; confidential pricing and sales information; and confidential product development information.  DNAG has redacted the Declaration of DeForest McDuff only to the extent necessary to protective sensitive and confidential, commercial information.

## III.    THE COURT SHOULD PERMIT DNAG TO FILE UNDER SEAL

DNAG seeks to file only limited portions of its Motion for Preliminary Injunction and accompanying papers under seal.  DNAG proposes that the vast

majority of its Motion be filed publicly, with narrowly-tailored redactions to protect its confidential competitive information.  "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business."  *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1221 (Fed. Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Such is the case here.  The information that DNAG proposes sealing contains its confidential pricing information, confidential internal business information, and the identities of DNAG customers or potential customers, including  information that would reveal the identity of customers who have informed DNAG that Spectrum solicited them with the accused product at issue in this litigation.  This information would be of little use or interest to the public generally, but would be of value to DNAG's competitors.  Because public filing of this information would "serve as . . . sources of business information that might harm a litigant's competitive standing," the documents should be sealed.  *Nixon*, 435 U.S. at 598.

DNAG respectfully requests that the Court grant this Motion to File Under Seal because compelling reasons exist to allow DNAG to file under seal (1) portions of the Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction; (2) portions of the Declaration of Brian Smith; (3) Exhibits 1, 3, and 4 to the Declaration of Brian Smith; and (4) portions of the Declaration of DeForest McDuff.

Dated:  June 21, 2016                        MORRISON & FOERSTER LLP


                                             By: */s/ Brian M. Kramer*
                                                 Brian M. Kramer
                                                 BMKramer@mofo.com

                                             Attorneys for Plaintiff
                                             DNA GENOTEK INC.

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 12531 High Bluff Drive, San Diego, California, 92130-2040. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on June 21, 2016, I served a copy of:

**DNA GENOTEK INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL;**

**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL,**

☒   **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 12531 High Bluff Drive, San Diego, California, 92130-2040 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

*Service List:*

K. Gregg Williams, Agent for Service of Process
Spectrum Solutions, LLC and SpectumDNA
12278 South Lone Peak Parkway
Suite 106
Draper, UT  84020-9193

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Diego, California, this 21st day of June, 2016.

*Diana Coletti*
Diana Coletti