Jeffrey E. Ostrow (CA Bar No. 213118)
jostrow@stblaw.com
Jonathan C. Sanders (CA Bar No. 228785)
jsanders@stblaw.com
JaeWon Lee (CA Bar No. 305548)
jaewon.lee@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California  94304
Telephone:  (650) 251-5000
Facsimile:  (650) 251-5002

*Attorneys for Defendants Spectrum Solutions L.L.C. and Spectrum DNA*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA GENOTEK INC., a Delaware Corporation,<br><br>              Plaintiff,<br><br>v.<br><br>SPECTRUM SOLUTIONS L.L.C., a Utah Limited Liability Company, and SPECTRUM DNA, a Utah Limited Liability Company,<br><br>              Defendants. | Case No. 3:16-cv-01544-JLS-NLS<br><br>**DEFENDANTS SPECTRUM SOLUTIONS L.L.C. AND SPECTRUM DNA'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Spectrum Solutions L.L.C. and Spectrum DNA (collectively, "Defendants" or "Spectrum"), by and through their undersigned counsel, hereby answer and counterclaim the Plaintiff DNA Genotek Inc.'s ("Plaintiff's") Complaint for Patent Infringement in the above-captioned action (the "Complaint"). Each of the numbered paragraphs in the Answer below corresponds to the same numbered paragraphs in the Complaint. To the extent any allegation contained in the Complaint is not specifically admitted, it is expressly denied. Any factual allegation below that is admitted is admitted only as to the specific admitted fact, and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted fact. Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

## ANSWER

1. Defendants admit that the Complaint purports to assert a claim arising under the patent laws of the United States, involving U.S. Patent No. 9,207,164 B2 (the "'164 Patent"). Otherwise, denied.

## PARTIES

2. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and on that basis deny those allegations.

3. Defendants admit that Spectrum Solutions L.L.C. is a Utah limited liability company with its principal place of business in Draper, Utah; that Spectrum DNA is a division of Spectrum Solutions L.L.C; and that Spectrum Solutions L.L.C. was formerly known as Spectrum Packaging, L.L.C. Otherwise, denied.

## JURISDICTION AND VENUE

4. Defendants admit that the Complaint purports to assert a claim arising under the patent laws of the United States and that this Court has subject matter jurisdiction over the claim arising under the patent laws of the United States. Otherwise, denied.

5. Defendants admit for purposes of this action only that this Court has personal jurisdiction over Defendants. The remaining allegations set forth in Paragraph 5 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny those allegations, except that Defendants maintain at least two websites and registered the domain name www.spectrum-dna.com on July 28, 2015, and the website identified in this Paragraph 5 describes Spectrum as a company responding to "a need in the DNA space calling for an innovative saliva DNA collection device" and states that Defendants have developed "an innovative device that is user friendly and produces excellent clinical results."

6. The allegations set forth in Paragraph 6 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint, except that Defendants have made sales of saliva collection kits.

7. Without conceding that venue is most convenient or appropriate in this District for purposes of any subsequent motion to transfer, Defendants admit for purposes of this action only that venue is proper in this District. Otherwise, denied.

## FACTUAL BACKGROUND

8. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and on that basis deny those allegations.

9. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and on that basis deny those allegations.

10. Defendants admit that the face of the '164 Patent identifies "DNA GENOTEK INC." as an assignee and Rod Muir, Derek Kirkland, Ian Curry, Roy Sunstrum, Paul Lem, and H. Chaim Birnboim as inventors of the '164 Patent. Defendants admit that the '164 Patent issued on December 8, 2015. Defendants

lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint and on that basis deny those allegations. Defendants deny that the '164 Patent is valid or enforceable.

11. Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants admit that the website www.spectrum-dna.com includes the words "[c]omplete fulfillment capabilities" and states that direct shipping is possible with their transportation partners and that the first picture on page 5 of the Complaint (and a picture on the website http://www.spectrum-dna.com/saliva-dna-collection-device/) has a label that includes "Manufactured by Spectrum Solutions." Otherwise, denied.

17. The allegations set forth in Paragraph 17 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17 of the Complaint, except that Defendants have offered for sale saliva collection kits to entities who have business operations in California.

18. The allegations set forth in Paragraph 18 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18 of the Complaint, except

that the website http://www.spectrum-dna.com/custom-packaging/ has the same picture as provided on page 6 of the Complaint.

19.  The allegations set forth in Paragraph 19 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and on that basis deny those allegations, except that Defendants shipped the product depicted to an entity in California.

### COUNT 1 – ALLEGED INFRINGEMENT OF THE '164 PATENT

20.  Defendants restate and incorporate by reference each and every response set forth in the preceding Paragraphs.

21.  Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.  Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.  Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.  Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.  Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.  Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief, including the relief prayed for.

## DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff demands a trial by jury on all issues so triable in this action.

## DEFENSES

Without assuming any burden that they would not otherwise bear, and reserving their right to assert additional defenses, Defendants, for their defenses, plead:

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (Non-Infringement)

Defendants do not infringe, and have not infringed, either literally or under the doctrine of equivalents, directly or indirectly, or in any other respect any valid and enforceable claim of the '164 Patent.

### THIRD DEFENSE
### (Invalidity)

The '164 Patent is invalid and/or unenforceable for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

### FOURTH DEFENSE
### (Claims Barred)

The relief sought by Plaintiff is barred, in whole or in part, on prosecution history estoppel, equitable estoppel, and/or prosecution history disclaimer in light of statements made by Plaintiff during the prosecution of the patent application leading to the '164 Patent and/or related patents.

## FIFTH DEFENSE

## (Limitations on Damages and Costs)

Any claim by Plaintiff for damages is limited under 35 U.S.C. § 287. Plaintiff failed to provide adequate notice to Defendants of alleged infringement and, thus, is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint.

## SIXTH DEFENSE

## (No Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Defendants pursuant to 35 U.S.C. § 285.

## SEVENTH DEFENSE

## (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, under principles of equity, including but not limited to laches, prosecution laches, delay, waiver, implied waiver, acquiescence, estoppel, and/or unclean hands.

## EIGHTH DEFENSE

## (No Injunctive Relief)

Plaintiff is not entitled to any injunctive relief because, *inter alia*, Plaintiff cannot show a likelihood of success on the merits; any alleged injury to Plaintiff is not immediate or irreparable; Plaintiff has an adequate remedy at law; and the balance of hardships and public interest weigh against an injunction.

## NINTH DEFENSE

## (Dedication to the Public)

Plaintiff has dedicated to the public any method, system, and/or product disclosed in the '164 Patent, but not literally claimed therein, and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

## TENTH DEFENSE

### (Reservation of Additional Defenses)

Defendants reserve all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and/or any other defenses whatsoever at law or in equity that may exist now or that may be available at any time in the future, based on the discovery of additional facts, changes in the law, or for any other reason permitted by law.

## COUNTERCLAIMS

Without waiver of any of their rights, Defendants, by and through their undersigned counsel, and by way of Counterclaims against Plaintiff, allege:

### PARTIES

1. Spectrum Solutions L.L.C. is a Utah limited liability company with its principal place of business located at 12278 Lone Peak Pkwy, Ste. #106, Draper, Utah 84020. Spectrum DNA is a division of Spectrum Solutions L.L.C.

2. Upon information and belief, Plaintiff is a company with its principal place of business located at 3000-500 Palladium Drive, Ottawa, ON, Canada K2V, 1C2.

### JURISDICTION AND VENUE

3. These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Venue is proper under 28 U.S.C. § 1391.

5. Plaintiff has sued Defendants for alleged infringement of the '164 Patent. Defendants deny infringement and deny that the patent is valid or enforceable. There is therefore a substantial, actual, and continuing controversy between Plaintiff and Defendants as to the validity, enforceability, and infringement of the '164 Patent.

## FIRST COUNTERCLAIM

## (Declaratory Judgment of Invalidity)

6. Defendants repeat and reallege each allegation set forth in Paragraphs 1 through 5 of the Counterclaims as though fully set forth herein.

7. The '164 Patent is invalid under, *inter alia*, the provisions of 35 U.S.C. § 101, *et seq.*, including, without limitation, §§ 102, 103, and 112.

8. A judicial declaration that the '164 Patent is invalid because it fails to satisfy the conditions for patentability is necessary and appropriate at this time so that Defendants can ascertain their rights and duties with respect to the products that Plaintiff accuses of infringing the '164 Patent.

## SECOND COUNTERCLAIM

## (Declaratory Judgment of Non-Infringement)

9. Defendants repeat and reallege each allegation set forth in Paragraphs 1 through 8 of the Counterclaims as though fully set forth herein.

10. Defendants have not infringed and do not infringe any valid and enforceable claim of the '164 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise. Defendants have not contributorily infringed or induced to infringe, and do not contributorily infringe or induce to infringe, any valid and enforceable claim of the '164 Patent.

11. A judicial declaration that Defendants do not infringe the '164 Patent is necessary and appropriate at this time so that Defendants can ascertain their rights and duties with respect to the products that Plaintiff accuses of infringing the '164 Patent.

**RESERVATION OF ADDITIONAL DEFENSES AND COUNTERCLAIMS**

As Defendants continue to investigate the allegations set forth in Plaintiff's Complaint, Defendants intend to rely on any additional defenses and counterclaims as may become available by law, statute, or upon further discovery in this case. As such, Defendants expressly reserve the right to further amend this Answer and

Counterclaims and to assert such additional defenses and counterclaims as may be allowed by the Federal Rules of Civil Procedure, as may be allowed by the Local Rules of the United States District Court for the Southern District of California, and/or as may otherwise be permitted by law.

**PRAYER FOR RELIEF**

Defendants respectfully pray for the following relief:

A. That Plaintiff take nothing by its Complaint;

B. That the Court find and enter a judgment declaring the '164 Patent to be invalid;

C. That the Court find and enter a judgment declaring that no claim of the '164 Patent has been infringed by Defendants;

D. That the Court award Defendants attorneys' fees and expenses against Plaintiff under 35 U.S.C. § 285 and deny that Plaintiff's case is exceptional; and

E. That the Court award Defendants any other relief that the Court may deem just, equitable, and proper.

Dated: July 15, 2016

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: /s/ Jeffrey E. Ostrow
　　Jeffrey E. Ostrow (CA Bar No. 213118)
　　Jonathan C. Sanders (CA Bar No. 228785)
　　JaeWon Lee (CA Bar No. 305548)
　　SIMPSON THACHER & BARTLETT LLP
　　2475 Hanover Street
　　Palo Alto, California  94304
　　Telephone: (650) 251-5000
　　Facsimile: (650) 251-5002
　　jostrow@stblaw.com
　　jsanders@stblaw.com
　　jaewon.lee@stblaw.com

*Attorneys for Defendants Spectrum Solutions L.L.C. and Spectrum DNA*